IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LAKE MARTIN, INC., *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 2:09-cv-985-MEF |
| ) | |
| KROGER LIMITED PARTNERSHIP I, ) | |
| *et al.*, ) | (WO - Do Not Publish) |
| ) | |
| DEFENDANTS. ) | |

## **MEMORANDUM OPINION AND ORDER**

On October 22, 2009, Plaintiffs a "Verified Complaint Seeking Temporary, Preliminary and Permanent Injunctive Relief" (Doc. # 1). In its Complaint, Plaintiffs allege that defendants have repeatedly violated the Alabama Motor Fuel Marketing Act, Alabama Code § 8-22-1, *et seq.*, by selling fuel below permissible rates. Plaintiffs seek injunctive relief and attorneys' fees and invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by alleging that the value of the relief sought exceeds the applicable amount in controversy for diversity jurisdiction. Upon assignment of the case, the Court convened a telephone status conference with Plaintiffs' counsel to discuss the request for a temporary restraining order.

This Court now addresses only Plaintiffs' request for a temporary restraining order. "One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo rather than granting most or all of the substantive relief requested in the complaint." *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). The Court

notes that rather than preserving the status quo, Plaintiffs seek to alter it. By the motion for temporary restraining order, it asks the Court to grant most of the substantive relief requested in its Complaint.

Federal Rule of Civil Procedure 65 sets forth the applicable restrictions on this Court's ability to grant a temporary restraining order. For example, it is clear from the text of Rule 65(b) that a temporary restraining order may not be granted unless

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that *immediate and irreparable injury, loss, or damage will result* to the applicant before the adverse party or that a party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the *efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required*.

Fed. R. Civ. P. 65(b) (emphasis added). The Court finds that Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 65. Nowhere in Plaintiffs' submissions to this Court do Plaintiffs certify in writing the efforts, if any, which have been made to give written or oral notice of this lawsuit or of this application for a temporary restraining order to the all five adverse parties or their attorneys. Moreover, Plaintiffs do not explicitly claim that such notice should not be required; nor does it provide any reasons why such notice should not be required. Additionally, the Court finds the factual and legal predicate for the request for temporary restraining order insufficient. The injury Plaintiffs claim is damage to their businesses' profits. This is the kind of harm which monetary damages could repair. Therefore, Plaintiffs have not show that immediate and irreparable injury, loss, or damage

2

will result absent entry of the requested temporary restraining order. *See, e.g., Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (An injury is irreparable only if it cannot be undone through monetary remedies). Accordingly, because Plaintiffs have failed to satisfy the necessary prerequisites to the issuance of a temporary restraining order, the Plaintiffs' request for a temporary restraining order in the Complaint (Doc. # 1) is due to be DENIED.

For the foregoing reasons it is hereby ORDERED as follows:

1. The request contained in the Complaint (Doc. # 1) for a temporary restraining order is DENIED.

2. To the extent that Plaintiffs intend to seek a preliminary injunction as stated in the Complaint, Plaintiffs shall, after providing notice to all defendants named in the Complaint of both the existence of the Complaint and its intent to seek preliminary injunctive relief, file a proper motion for preliminary injunction. Said motion shall be supported by appropriate factual documentation and a brief containing citations to specific legal authority for all legal arguments and setting forth Plaintiffs' contentions regarding its legal entitlement to the relief sought. A copy of all materials relating to any such motion for preliminary injunction shall be served on each defendant or his counsel. After such a motion is filed, the Court will set a status conference to discuss a briefing schedule for the motion and a date for the hearing on the motion for preliminary injunction.

DONE this the 22nd day of October, 2009.

          /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE